1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    Claude M. Stern (Bar No. 96737)
2   Todd M. Briggs (Bar No. 209282)
   555 Twin Dolphin Drive, Suite 560
3  Redwood Shores, California 94065-2139
   Telephone:    (650) 801-5000
4  Facsimile:    (650) 801-5100
   Email:        claudestern@quinnemanuel.com
5                toddbriggs@quinnemanuel.com

6  Attorneys for Defendant and Counterclaimant,
   RIVERBED TECHNOLOGY, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUANTUM CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>RIVERBED TECHNOLOGY, INC.,<br><br>　　　　Defendant.<br><br>RIVERBED TECHNOLOGY, INC.,<br><br>　　　　Counterclaimant,<br><br>　　vs.<br><br>QUANTUM CORPORATION,<br><br>　　　　Counterdefendant. | CASE NO. C 08-0927 WHA<br><br>**RIVERBED'S ANSWER TO QUANTUM'S COMPLAINT FOR PATENT INFRINGEMENT OF U.S. PATENT NO. 6,622,164 B1 AND DECLARATORY JUDGMENT COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

Riverbed Technology, Inc. ("Riverbed") by and through its undersigned counsel, respectfully submits its Answer, Affirmative Defenses and Counterclaims in response to the Complaint for Patent Infringement of U.S. Patent No. 6,622,164 B1 ("Complaint") of Quantum Corporation ("Quantum") filed on February 13, 2008 and served on March 4, 2008 as follows:

## THE PARTIES

1. Riverbed lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1, and therefore denies the allegations in this paragraph.

2. Riverbed lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2, and therefore denies the allegations in this paragraph.

3. Riverbed admits the allegations in paragraph 3.

4. Riverbed admits that it designs, builds, and sells devices that facilitate the efficient sharing of computer data over extended, or wide-area, computer networks. Riverbed further admits that its technology is used to, among other things, improve the performance of everyday computer applications, such as email, file sharing, and document management, by a broad range of companies.

## JURISDICTION AND VENUE

5. Riverbed admits the allegations in paragraph 5.

6. Riverbed admits that this Court has personal jurisdiction over Riverbed.

7. Riverbed admits the allegations in paragraph 7.

## INTRADISTRICT ASSIGNMENT

8. Riverbed admits the allegations in paragraph 8.

## FACTUAL BACKGROUND

9. Riverbed admits that U.S. Patent No. 6,622,164 ("the '164 patent") is titled "Mass Storage Device with Network Interface," but denies that the '164 patent is directed to a new, useful and non-obvious network storage device and the remaining allegations in paragraph 9.

1   10.  Riverbed admits that the issue date on the face of the '164 patent is September 16, 2003, but denies that the '164 patent was duly and lawfully issued by the United States Patent and Trademark Office. Riverbed admits that a purported copy of the '164 patent was attached as Exhibit A to the Complaint.

11.  Riverbed lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11, and therefore denies the allegations in this paragraph.

12.  Riverbed denies the allegations in paragraph 12.

**COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 6,622,164 B1**

13.  Riverbed incorporates its answers to paragraphs 1 through 12 of the Complaint as if set forth fully herein.

14.  Riverbed denies the allegations in paragraph 14.

15.  Riverbed denies the allegations in paragraph 15.

16.  Riverbed denies the allegations in paragraph 16.

17.  Riverbed denies the allegations in paragraph 17.

18.  Riverbed denies the allegations in paragraph 18.

19.  Riverbed denies the allegations in paragraph 19.

20.  Riverbed denies the allegations in paragraph 20.

**PRAYER FOR RELIEF**

Riverbed denies that Quantum is entitled to any of the relief sought by its Prayer for Relief.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE: Non-Infringement**

Riverbed does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale or imported into the United States any products or methods that infringe any valid claim of the '164 patent either directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise, and has not induced others to infringe the '164 patent.

**SECOND AFFIRMATIVE DEFENSE: Invalidity**

The '164 patent is invalid for failure to meet the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

**THIRD AFFIRMATIVE DEFENSE: Laches and Equitable Estoppel**

Quantum's claims are barred by the doctrines of laches and equitable estoppel.

**FOURTH AFFIRMATIVE DEFENSE: Failure to Mark**

On information and belief, prior to the filing of the Complaint against Riverbed, Quantum failed to properly mark its products or services and/or licensees of the '164 patent failed to properly mark their products or services and Quantum did not provide Riverbed with notification of any alleged infringement of the '164 patent. Under 35 U.S.C. § 287(a), Quantum is therefore barred from recovering damages for any alleged infringement of the '164 patent by Riverbed prior to the filing of the complaint.

**FIFTH AFFIRMATIVE DEFENSE: Adequate Remedy at Law**

Quantum is not entitled to injunctive relief because any alleged injury to Quantum is not immediate or irreparable, and Quantum has an adequate remedy at law.

**SIXTH AFFIRMATIVE DEFENSE: Failure to State a Claim**

The Complaint fails, in whole or in part, to state a claim on which relief may be granted.

## COUNTERCLAIMS

Counterclaim Plaintiff Riverbed Technology, Inc. ("Riverbed") by and through its undersigned counsel, brings counterclaims against Counterclaim Defendant Quantum Corporation ("Quantum") as follows:

## PARTIES

1. Riverbed is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 199 Fremont Street, San Francisco, California, 94105.

2. Quantum is a Delaware corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 1650 Technology Drive, Suite 700, San Jose, California 95110.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4. By filing its Complaint, Quantum has consented to the personal jurisdiction of this Court.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 28 U.S.C. § 1400.

## EXISTENCE OF ACTUAL CONTROVERSY

6. Quantum alleges in its Complaint that it owns all right title and interest in the '164 patent as assignee.

7. Quantum alleges in its Complaint that Riverbed has made, used, offered for sale, sold and/or caused to be made, used, offered for sale or sold products, systems, and/or services that infringe the '164 patent.

8. Quantum alleges in its Complaint that the '164 patent is valid and complies with all of the requirements of 35 U.S.C. § 1 *et seq.*

**FIRST COUNTERCLAIM: Declaratory Judgment of Non-Infringement**

9. Riverbed incorporates the allegations in paragraphs 1 through 8 of these counterclaims as if fully set forth herein.

10. Riverbed's products do not infringe, either directly or indirectly, any claim of the '164 patent.

11. Quantum's wrongful allegations of infringement of the '164 patent and Riverbed's denial of those allegations create the existence of an actual controversy under 28 U.S.C. §§ 2201 and 2202. Riverbed seeks a judgment that it does not infringe the '164 patent.

**SECOND COUNTERCLAIM: Declaratory Judgment of Invalidity**

12. Riverbed incorporates the allegations in paragraphs 1 through 11 of these counterclaims as if fully set forth herein.

13. The '164 patent is invalid for failure to satisfy one or more of the conditions of patentability set forth Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

14. Quantum's wrongful allegations of validity of the '164 patent and Riverbed's denial of those allegations create the existence of an actual controversy under 28 U.S.C. §§ 2201 and 2202. Riverbed seeks a judgment that the '164 patent is invalid.

**EXCEPTIONAL CASE**

This is an exceptional case entitling Riverbed to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Quantum's assertion of the '164 patent against Riverbed with the knowledge that the '164 patent is not infringed and/or invalid.

**RELIEF REQUESTED**

WHEREFORE, Riverbed respectfully requests the following relief:

1. A judgment in favor of Riverbed denying Quantum all relief requested in its Complaint in this action and dismissing Quantum's Complaint for patent infringement with prejudice;

2. A judgment declaring that Riverbed has not infringed and is not infringing any claim of the '164 patent, and that Riverbed has not contributed to or induced and is not contributing to or inducing infringement of any claim of the '164 patent;

3. A judgment declaring that each claim of the '164 patent is invalid;

4. A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Riverbed its costs, expenses, and reasonable attorneys' fees;

5. That the Court award Riverbed such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Fed. R. Civ. P. 38(b), Riverbed demands a trial by jury on all issues so triable.

DATED: March 24, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Todd M. Briggs
Todd M. Briggs
Attorneys for Defendant and Counterclaimant,
RIVERBED TECHNOLOGY, INC.