AMAR L. THAKUR, CAL. BAR NO. 194025
MAURICIO A. FLORES, CAL. BAR NO. 93304
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
12275 El Camino Real, Suite 200
San Diego, California  92130
Telephone:     858-720-8900
Facsimile:     858-509-3691
Email: athakur@sheppardmullin.com
       mflores@sheppardmullin.com

NATHANIEL BRUNO, Cal. Bar No. 228118
SHEPPARD MULLIN RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California  94111
Telephone:     415-434-9100
Facsimile:     415-434-3947
Email: nbruno@sheppardmullin.com

Attorneys for
QUANTUM CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| QUANTUM CORPORATION,<br><br>              Plaintiff,<br>     vs.<br><br>RIVERBED TECHNOLOGY, INC.,<br><br>              Defendant. | Case No. C-08-0927-WHA<br><br>QUANTUM CORPORATION'S REPLY TO RIVERBED TECHNOLOGY, INC.'S DECLARATORY JUDGMENT COUNTERCLAIMS<br><br>AND<br><br>DEMAND FOR JURY TRIAL |
| RIVERBED TECHNOLOGY, INC.,<br><br>              Counterclaimant,<br>     vs.<br><br>QUANTUM CORPORATION,<br><br>              Counterdefendant. | Honorable William H. Alsup<br><br>Complaint Filed: February 13, 2008<br>Trial Date: TBD |

-1-

**REPLY TO DECLARATORY JUDGMENT COUNTERCLAIMS**

Counterdefendant QUANTUM CORPORATION ("Quantum") by its counsel, hereby respectfully replies to the Declaratory Judgment Counterclaims ("Counterclaim") filed by Counterclaimant RIVERBED TECHNOLOGY, INC. ("Riverbed") in this action, as follows:

**PARTIES**

1. Quantum admits the allegations contained in paragraph 1 of Riverbed's Counterclaim.

2. Quantum admits the allegations contained in paragraph 2 of Riverbed's Counterclaim.

**JURISDICTION AND VENUE**

3. Quantum admits the allegations contained in paragraph 3 of Riverbed's Counterclaim.

4. Quantum admits the allegations contained in paragraph 4 of Riverbed's Counterclaim.

5. Quantum admits the allegations contained in paragraph 5 of Riverbed's Counterclaim.

**EXISTENCE OF ACTUAL CONTROVERSY**

6. Quantum admits the allegations contained in paragraph 6 of Riverbed's Counterclaim.

7.	Quantum admits the allegations contained in paragraph 7 of Riverbed's Counterclaim.

8.	Quantum admits the allegations contained in paragraph 8 of Riverbed's Counterclaim.

### FIRST COUNTERCLAIM: Declaratory Judgment of Non-Infringement

9.	Quantum incorporates its answers to paragraphs 1 through 8 of Riverbed's Counterclaim as if set forth fully herein.

10.	Quantum denies the allegations contained in paragraph 10 of Riverbed's Counterclaim.

11.	Quantum admits that an actual controversy as to Riverbed's infringement of the '164 patent exists between Quantum, on the one hand, and Riverbed, on the other hand, under 28 U.S.C. §§ 2201 and 2202. Quantum further admits that Riverbed's Counterclaim, and specifically paragraph 11 thereof, purports to seek a judgment that Riverbed does not infringe the '164 patent. Except as expressly admitted herein, Quantum denies the allegations contained in paragraph 11 of Riverbed's Counterclaim.

### SECOND COUNTERCLAIM: Declaratory Judgment of Invalidity

12.	Quantum incorporates its answers to paragraphs 1 through 12 of Riverbed's Counterclaim as if set forth fully herein.

13.	Quantum denies the allegations contained in paragraph 13 of Riverbed's Counterclaim.

14. Quantum admits that an actual controversy as to the validity of the '164 patent exists between Quantum, on the one hand, and Riverbed, on the other hand, under 28 U.S.C. §§ 2201 and 2202. Quantum further admits that Riverbed's Counterclaim, and specifically paragraph 14 thereof, purports to seek a judgment that the '164 patent is invalid. Except as expressly admitted herein, Quantum denies the allegations contained in paragraph 14 of Riverbed's Counterclaim.

## EXCEPTIONAL CASE

Quantum denies the allegations contained in the "Exceptional Case" section of Riverbed's Counterclaim.

## RELIEF REQUESTED

Quantum denies that Riverbed is entitled to any relief of any kind.

## QUANTUM'S AFFIRMATIVE DEFENSES

Without altering the burden of proof, Quantum asserts the following affirmative defenses. Quantum presently has insufficient knowledge and information on which to form a belief as to whether it may have as yet unstated affirmative defenses available to Riverbed's Counterclaim. Quantum's investigation of its defenses is continuing. Quantum reserves herein the right to assert further defenses other than those specifically set forth herein, including any affirmative or other defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or equity that may now exist or in the

-4-

future be available in the event that discovery and further investigation indicates any such affirmative defenses would be appropriate.

## FIRST AFFIRMATIVE DEFENSE

### (Unclean Hands)

Riverbed's Counterclaim is barred, in whole or in part, by the doctrine of unclean hands.

## SECOND AFFIRMATIVE DEFENSE

### (Laches)

Because Riverbed unreasonably delayed in asserting some or all of the purported claims in its Counterclaim, thereby prejudicing Quantum, the doctrine of laches bars those claims and extinguishes or limits any potential relief available to Riverbed.

## THIRD AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

Riverbed's Counterclaim fails, in whole or in part, to state a claim upon which relief can be granted.

## QUANTUM'S PRAYER FOR RELIEF

WHEREFORE, Quantum prays for judgment against Riverbed as follows:

(1)     That judgment be entered on Riverbed's Counterclaim, and each and every claim therein, in favor of Quantum and against Riverbed, and that Riverbed be granted no relief thereon, or, in the alternative, that Riverbed's Counterclaim, and each and every claim therein, be dismissed with prejudice and without leave to amend;

(2)     A declaration that this is an exceptional case, and for an award to Quantum of its attorneys' fees, costs, and other expenses pursuant to 35 U.S.C. § 285; and

-5-

1          (3)    That Quantum be awarded such other and further relief as the Court may
2  deem just under the circumstances.

3  Dated: April 14, 2008

                                 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
                                 By

                                 /s/ Nathaniel Bruno
                                  AMAR L. THAKUR
                                  MAURICIO A. FLORES
                                  NATHANIEL BRUNO

                                  Attorneys for
                                QUANTUM CORPORATION

**QUANTUM'S DEMAND FOR JURY TRIAL**

In accordance with Federal Rule of Civil Procedure 38(b), Quantum demands a trial by jury on all issues raised herein so triable.

Dated:  April 14, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
By

/s/ Nathaniel Bruno
AMAR L. THAKUR
MAURICIO A. FLORES
NATHANIEL BRUNO

Attorneys for
QUANTUM CORPORATION

-7-