**[COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| QUANTUM CORPORATION,<br><br>    Plaintiff,<br> vs.<br><br>RIVERBED TECHNOLOGY, INC.,<br><br>    Defendant. | Case No. C-08-0927-WHA<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>CMC Date: May 29, 2008<br>CMC Time: 3:00 p.m.<br><br>Courtroom 9, 19th Floor |
| RIVERBED TECHNOLOGY, INC.,<br><br>    Counterclaimant,<br> vs.<br><br>QUANTUM CORPORATION,<br><br>    Counterdefendant. | Honorable William H. Alsup<br>United States District Judge<br><br>Complaint Filed: February 13, 2008<br>Trial Date: TBD |

Plaintiff and Counterdefendant Quantum Corporation ("Quantum") and Defendant and Counterclaimant Riverbed Technology, Inc. ("Riverbed") hereby submit this Joint Case Management Statement.

**1.        JURISDICTION AND SERVICE:**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a).  There is no dispute concerning service, personal jurisdiction, or venue in the action.  All named parties have been served.

**2.        FACTS:**

On February 13, 2008, Quantum filed its Complaint against Riverbed alleging infringement of United States Patent No. 6,622,164, issued on September 16, 2003, and entitled, "MASS STORAGE DEVICE WITH NETWORK INTERFACE" (the "'164 Patent").  Quantum contends that Riverbed is manufacturing and selling products that infringe the '164 Patent. Quantum served its Complaint on Riverbed on March 4, 2008. (Dkt. No. 1.)

On March 24, 2008, Riverbed filed its Answer and Declaratory Judgment Counterclaims in response to Quantum's Complaint, asserting counterclaims for non-infringement and invalidity of the '164 patent. (Dkt. No. 13.)  Quantum filed its Reply to Riverbed's Declaratory Judgment Counterclaims on April 14, 2008. (Dkt. No. 18.)

**3.        LEGAL ISSUES:**

The parties believe that the following legal issues are relevant and in dispute. Additional legal issues may emerge in discovery, which is in its earliest stages.  The parties reserve their rights to modify their positions on these points as discovery proceeds and further information becomes available.

With respect to Quantum's patent infringement claim under the '164 patent and Riverbed's Declaratory Judgment Counterclaims in response, the disputed legal issues include: (1)

whether Riverbed products infringe the '164 patent under 35 U.S.C. § 271(a), (b), and/or (c); (2) whether any infringement of the '164 patent was willful; (3) the construction of claim terms in the '164 patent; (4) the amount of damages Quantum has suffered and is entitled to as a result of Riverbed's infringement, if any; (5) the validity of the asserted claims in the '164 patent; (6) whether Quantum's claims are barred or diminished by Riverbed's affirmative defenses, including the purported failure to mark and the doctrines of laches or equitable estoppel; (7) whether Quantum is entitled to injunctive relief; and (8) whether Riverbed is entitled to attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285.

**4.      MOTIONS:**

No motions are currently pending.

Quantum anticipates filing summary judgment motions following claim construction of disputed terms in the '164 patent, likely regarding infringement of the '164 patent. Quantum also anticipates filing a summary judgment motion regarding at least Riverbed's claim of invalidity following the close of expert discovery.

Riverbed anticipates filing summary judgment motions on noninfringement and invalidity before or following claim construction of disputed terms of the '164 patent. Riverbed anticipates filing a motion for attorneys' fees after prevailing on any motion or jury trial.

**5.      AMENDMENT OF PLEADINGS:**

No additional parties are known at this time.

Quantum does not currently expect to add or dismiss parties, claims, or defenses at this time, and proposes that the deadline for amending the pleadings shall be August 15, 2008.

Riverbed requests that the deadline for amending the pleadings be September 1, 2008.

## 6.     **EVIDENCE PRESERVATION:**

Electronic discovery, and specifically the preservation of electronically stored information and proper disclosure of electronically stored information, may be an aspect of this case. Counsel for the parties have discussed their mutual need to inform their respective clients of the duty to retain evidence including electronically stored information, and have had the appropriate discussions with their respective clients. The parties have also discussed how they will produce electronically-stored information, and will produce in single-page TIFF format with load files containing the following information associated with the TIFFs: BEGDOC; ENDDOC; BEGATTACH; ENDATTACH.

Riverbed requests that the parties additionally provide full text (OCR) in the load files. Riverbed notes that in a pending action between the parties, Quantum produced more than 1.7 million pages of documents. Accordingly, since this data is expensive and already available to the producing party, Riverbed believes there is no reason not to provide such data to the receiving party. Quantum disagrees with Riverbed's assertions, including those regarding a separate action between the parties, and contends that each party should bear its own cost of performing OCR on the documents.

The parties agree to preserve metadata for the electronically-stored information, but will not initially produce the metadata to each other. Should either party wish to see other metadata corresponding to specific documents produced, that party shall make a written request providing: a) the bates ranges of the documents for which it wishes to see further metadata; (b) specifying the metadata it wishes to review (*e.g.*, create date, last modified date, etc.); and (c) explaining with particularity why it believes the metadata is necessary. The party requested to provide further metadata shall comply within a reasonable period of time unless it can demonstrate that the request is manifestly unreasonable. The parties also agree that they may modify this

51371/2516023.1      -4-
W02-WEST:6GMB1\400823375.2      JOINT CASE MANAGEMENT STATEMENT
Case No. C-08-0927-WHA

production procedure in the future.  Quantum and Riverbed have undertaken "litigation hold" procedures to maintain and preserve potentially relevant information and evidence in this case.

**7.     DISCLOSURES:**

The parties have met and conferred regarding their initial disclosures as required by Federal Rule of Civil Procedure 26(a), and have exchanged these disclosures.

**8.     DISCOVERY:**

a.     <u>Discovery Taken To Date</u>.  Riverbed and Quantum each served a first set of document requests and a first set of interrogatories on May 2, 2008, to which the parties are due to respond by June 2, 2008.

b.     <u>Scope of Anticipated Discovery</u>.  Quantum and Riverbed intend to conduct discovery relating to: 1) the parties, their affiliates, customers, and dealings; 2) the products manufactured, distributed, sold, offered for sale, and/or used by the parties, including the development, design, manufacturing, sales, and marketing of same; 3) the development, design, and strategic plan for future products and services; 4) the parties' customers and market and potential customers and markets, and the parties' interaction therewith; 5) Quantum's damages; 6) Riverbed's knowledge of the '164 Patent, and information, and beliefs as to its enforceability and validity; 7) Riverbed's information and beliefs as to whether its products or customers' use of its products infringe the '164 Patent; 8) the inventorship of the '164 patent; 9) the conception, diligence, and reduction to practice of the '164 patent; 10) the prosecution of the '164 patent; 11) the validity of the '164 patent; 12) the infringement of the '164 patent; and 13) Quantum's pretrial investigations prior to filing its Complaint; and 14) other evidence relating to establishing or refuting the presence of the elements of the parties' legal claims and affirmative defenses.

1         Other subject matter may be pursued in discovery by the parties if the course of
2 litigation makes it necessary or desirable.  The parties know of no appropriate, alternative methods
3 of discovery that are available or that should be employed.

4         The parties will attempt to agree on a Stipulated Protective Order to govern
5 discovery in this case.  In the interim, confidential information disclosed will be produced on a
6 "Highly Confidential – Attorneys' Eyes Only" basis.

7         c.     <u>Proposed Modifications of the Discovery Limitations or Rules</u>.  The parties
8 agree to twenty-five (25) interrogatories per side (Fed. R. Civ. P. 33(a)(1)), and no more than ten
9 (10) depositions per side (Fed. R. Civ. P. 32(a)(2)(A)(i)).  The parties stipulate and agree,
10 however, that the number of depositions should be exclusive of other depositions of experts and
11 prior artists.

12         The parties agree that there will be no limit on document requests, and no limit on
13 requests for admissions.  Additionally, the parties reserve the right to seek leave from the Court
14 should later developments reveal that additional discovery is required.

15         The parties agree that any documents they have produced in *Riverbed Technology,*
16 *Inc. v. Quantum Corporation*, Case No. C-07-04161-WHA, do not need to be produced again.
17 Neither this agreement nor the production of any document in Case No. C-07-04161-WHA shall
18 constitute or be construed as an admission or a waiver of objections regarding the relevance,
19 discoverability, use, or admissibility of any document, or regarding the scope of discovery in this
20 action.

21         d.     <u>Discovery Plan Pursuant to Federal Rule of Civil Procedure 26(f)</u>.  The
22 report of the parties in this Section 8 constitutes their reasonable discovery plan pursuant to
23 Federal Rule of Civil Procedure 26(f).  The parties reserve their right to apply to the Court in the
24 future for an order either permitting further discovery or imposing additional limitations upon
25 discovery.

26 **9.**     **<u>CLASS ACTIONS</u>:**
27      Not applicable.
28

**10.     RELATED CASES:**

*Riverbed Technology, Inc. v. Quantum Corporation*, Case No. C-07-04161-WHA is related in that it concerns the same parties, but it involves different patents. The Court previously entered an order at Docket No. 92 of that action (based on a stipulation of the parties) confirming that it shall not be consolidated with this action.

**11.     RELIEF:**

Quantum seeks damages in an amount to be proven at trial for infringement of the '164 Patent (35 U.S.C. § 284), treble damages for willful patent infringement (35 U.S.C. § 284), costs of this action and reasonable attorneys' fees pursuant to a finding that this is an exceptional case (35 U.S.C. § 285), injunctive relief enjoining Riverbed from further infringing the '164 Patent, and any other further relief as the Court may determine to be just and proper. Quantum also seeks judgment in its favor regarding Riverbed's Declaratory Judgment Counterclaims.

Riverbed seeks (1) a judgment declaring that Riverbed has not infringed and is not infringing any claim of the '164 patent, and that Riverbed has not contributed nor induced nor has contributed to or induced infringement of any claim of the '164 patent; (2) a judgment declaring that the '164 patent is invalid and/or unenforceable; (3) a declaration that this case is exceptional, and for an award to Riverbed of attorneys' fees, expenses, and costs pursuant to 35 U.S.C. §285; and (4) an award to Riverbed of such other and further relief as this Court deems just and proper.

**12.     SETTLEMENT AND ADR:**

The parties have preliminarily discussed settlement amongst themselves and are currently planning private mediation.

**13.     CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

The parties do not consent to assignment of this case to a United States Magistrate Judge for trial.

**14.    OTHER REFERENCES:**

The parties do not presently believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    NARROWING OF ISSUES:**

The parties believe that construction of the claim terms may significantly narrow the issues in this action.

**16.    EXPEDITED SCHEDULE:**

The parties do not request or believe that an expedited schedule is appropriate for this case.

**17.    SCHEDULING:**

The parties propose the following schedule (holding as nearly as possible to the suggested deadlines under the Patent Local Rules, except as appropriate to avoid deadlines falling on or around holidays or on weekends) set forth below:

| Event | Quantum's Proposal | Riverbed's Proposal |
|---|---|---|
| Disclosure of Asserted Claims and Preliminary Infringement Contentions | June 12, 2008 | June 12, 2008 |
| Preliminary Invalidity Contentions | July 28, 2008 | July 28, 2008 |
| Simultaneous Exchange of Proposed Terms and Claim Elements for Construction (PLR 4-1) | August 7, 2008 | August 7, 2008 |
| Simultaneous Exchange of Preliminary Claim Constructions and Extrinsic Evidence (PLR 4-2) | August 28, 2008 | August 28, 2008 |
| Joint Claim Construction and Prehearing Statement | September 16, 2008 | September 16, 2008 |
| Close of discovery related to claim Construction | October 16, 2008 | October 16, 2008 |
| Opening Claim Construction Briefs | October 30, 2008 | October 30, 2008 |

| | | |
|---|---|---|
| Claim Construction Opposition Briefs | November 13, 2008 | November 13, 2008 |
| Claim Construction Reply Briefs | November 20, 2008 | November 20, 2008 |
| Claim Construction Tutorial | November 24, 2008 | November 24, 2008 |
| Claim Construction Hearing | December 4, 2008, or at the Court's convenience | December 4, 2008, or at the Court's convenience |
| Final Infringement Contentions | 30 days after issuance of claim construction ruling | 30 days after issuance of claim construction ruling |
| Final Invalidity Contentions | 50 days after issuance of claim construction ruling | 50 days after issuance of claim construction ruling |
| Fact discovery closes | May 14, 2009 | May 14, 2009 |
| Parties to designate experts and serve opening expert reports for which they bear the burden of proof | June 18, 2009 | June 18, 2009 |
| Parties to serve rebuttal expert reports | July 16, 2009 | July 16, 2009 |
| Expert discovery closes | August 13, 2009 | August 13, 2009 |
| Last day to file dispositive motions | September 3, 2009 | September 3, 2009 |
| Oppositions to dispositive motions | September 17, 2009 | September 17, 2009 |
| Replies in support of dispositive motions | September 24, 2009 | September 24, 2009 |
| Hearing on dispositive motions | Thursday, October 15, 2009 (according to Court's normal civil motion calendar) | Thursday, October 15, 2009 (according to Court's normal civil motion calendar) |
| Final pre-trial conference | November 20, 2009 | November 20, 2009 |
| Trial Commences | December 7, 2009 | December 7, 2009 |

**18.         TRIAL:**

Both Quantum and Riverbed have demanded a jury trial, and anticipate that trial will last approximately five (5) days. It may be possible to reduce the length of trial by stipulation, use of summaries, or by other means, but it is too early to determine whether that is the case. Quantum does not believe that bifurcation of the issues is appropriate in this case. Riverbed

believes that a decision on whether to bifurcate will be more appropriately decided by the Court after further development in the case.

**19.      DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PARTIES:**

Quantum filed its original Certification with its Complaint on February 13, 2008. Furthermore, Quantum's counsel again certifies by signature hereto that, pursuant to Civil L.R. 3-16, as of this date, other than the named parties, there is no interest to report.

Riverbed filed its original Certification on April 24, 2008. Furthermore, Riverbed's counsel certifies by signature hereto that, pursuant to Civil L.R. 3-16, as of this date, other than the named parties, there is no interest to report.

**20.      OTHER ISSUES:**

The parties will adhere to the Court' Supplemental Order Setting Initial Case Management Conference in Civil Cases Before Judge Alsup (Docket No. 12). The parties propose modifications to the Court's Supplemental Order only where modifications explicitly and clearly requested below. The parties jointly propose the following modifications pursuant to Paragraph 12 of the Court's Supplemental Order and request that the Court's Supplemental Order be modified as follows:

1.      <u>Privilege Log Requirements</u>.  The parties request that the Court issue an order confirming that Paragraph 16(b) of the Supplemental Order may be fulfilled by the following statement (or something substantially similar) from the party responding to the discovery requests:  "[Party] certifies that adequate steps were taken to ensure the confidentiality of the document or communication and that to the best of [Party's] knowledge no unauthorized persons received the document or communication."

Additionally, the parties request an order enacting their agreement that no communications between a party and its opinion counsel need be listed on a privilege log if those communications occurred after the obtainment of any final opinion letters regarding patent issues relevant to this action from said counsel. Further, no communications between a party and its litigation counsel need be listed on a privilege log if those communications occurred after the filing of this lawsuit.

2.   <u>Drafts of Expert Reports</u>.  The parties request the Court issue an order modifying Paragraph 22 of the Supplemental Order to provide that nothing shall preclude an expert from working on and updating a continuous version of an expert report without preserving interim drafts thereof even if the expert has discussions with litigation counsel while doing so.

3.   <u>Rule 30(b)(6) Depositions</u>.  The parties request the Court issue an order modifying Paragraph 23(b) of the Supplemental Order to provide that when one individual is deposed in both his capacity as a corporate designee and as an individual, the testimony need not be separately transcribed so long as a clear statement is made on the record, and acknowledged on the record by counsel representing the witness, indicating that the questioning will thereafter be directed to the witness in his individual instead of corporate capacity, or vice versa. The parties further request that Paragraph 23(b) be modified to confirm that any deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) shall count as only one deposition, regardless of how many individuals the company-deponent designates to give testimony as to the various topics noticed, unless the testimony of any one designee lasts more than four hours, in which case that designee's testimony will count as a separate deposition against the deposing party's total allotment.

4.   <u>Claim Construction Hearing</u>.  The parties have not yet agreed on the order of presentation at the Claim Construction Hearing. The parties may seek to introduce live

testimony, and any such testimony will be addressed in the Joint Claim Construction and Prehearing Statement.  The parties will further meet and confer to set an appropriate date for a Claim Construction Prehearing Conference, if needed, and will indicate any such date in their Joint Claim Construction and Prehearing Statement.

     By his signature below, counsel for Riverbed attests that counsel for Quantum whose electronic signature is provided has concurred in this filing.

Dated:  May 22, 2008

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: /s/ Nathaniel Bruno_____

    Amar L. Thakur
    Mauricio A. Flores
    12275 El Camino Real, Suite 200
    San Diego, California  92130
    Telephone:  858-720-8900
    Facsimile:         858-509-3691

    Nathaniel Bruno
    Four Embarcadero Center, 17th Floor
    San Francisco, CA  94111-4106
    Telephone:  415.434.9100
    Facsimile:  415.434.3947

Attorneys for QUANTUM CORPORATION

Dated:     May 22, 2008

QUINN EMANUEL URQUHART OLIVER & LLP

By: /s/ Todd M. Briggs_____

    Claude M. Stern
    Todd M. Briggs
    555 Twin Dolphin Drive, Suite 560
    Redwood Shores, CA  94065

1
2
Telephone: 650-801-5020
Facsimile: 650-801-5100

3
4
Attorneys for RIVERBED TECHNOLOGY, INC.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28